■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ACOSTA, Appellant. [674 NYS2d 2] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered October 19, 1993, convicting defendant, after a jury trial, of two counts of robbery in the second degree and one count of assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, 5 to 10 years and 2½ to 5 years, respectively, unanimously affirmed.

The total amount of time chargeable to the People, from defendant's arraignment until the commencement of trial, was only 141 days, and therefore his CPL 30.30 speedy trial motion was properly denied.

The period from November 5, 1992 to November 30, 1992 was properly excluded as a reasonable delay resulting from defendant's motion practice, including a reasonable post-decision preparation period, ten days of which were requested by defendant in any event (see, CPL 30.30 [4] [a]; People v Green, 90 AD2d 705, lv denied 58 NY2d 784).

The motion court, relying on the parties' submissions, correctly found the period from November 30th to December 18th to be excludable as an adjournment at defendant's request, and defendant has not produced any evidence to the contrary to permit appellate review (see, People v Kramer, 181 AD2d 449, lv denied 79 NY2d 949).

The record demonstrates that the period from January 8, 1993 to January 19, 1993 was correctly excluded as an adjournment on consent, in which defendant participated in the choice of date (see, People v Smith, 82 NY2d 676, 678; People v Matthews, 227 AD2d 313, 314, lv denied 88 NY2d 989).

The period from February 4th, the date on which the People filed a certificate of readiness, until February 23rd, is excludable except for the five-day period from February 4th to February 9th, the requested adjourned date. The fact that the prosecutor subsequently requested adjournments or was not ready for trial on certain dates does not invalidate the statement of readiness (see, People v Robinson, 171 AD2d 475, 477, lv denied 78 NY2d 973), which is presumed to be accurate and truthful (see, People v Caussade, 162 AD2d 4, 12, lv denied 76 NY2d 984). Moreover, "the People are generally not required to declare their readiness repeatedly throughout the pendency of a criminal action" (People v Cortes, 80 NY2d 201, 214).

Defendant does not submit any evidence to contradict the motion court's finding, and the submissions of the People on the motion, that the People were ready for trial on March 16th, and that the prosecutor requested an adjournment to March 29th or 30th upon filing another certificate of readiness on March 29th.

Defendant's contention that the certificates of readiness filed on March 29th and April 29th were illusory is rejected for the reasons previously discussed. However, contrary to the People's argument, the motion court correctly charged the People with the six-day period from May 12th to May 18th. The parties agree as to the includability and excludability of the remaining periods, and thus the total amount of time chargeable to the People is 141 days.

Defendant's suppression motion was properly denied. The police officer's observation of defendant's running out of a nightclub and periodically putting his hand in his waistband while looking back at his two pursuers, whom the officers recognized as bouncers from the club, and who were yelling, "grab him, grab him," provided reasonable suspicion to stop and detain defendant (see, People v Hammonds, 215 AD2d 166, lv denied 86 NY2d 795). The officers were further justified in transporting defendant back to the club for identification by the manager, relying on the information provided by the bouncers that they believed defendant had just robbed the club (see, People v Kadan, 195 AD2d 174, 178, lv denied 83 NY2d 854). The handcuffing of defendant did not elevate the detention to a full-blown arrest (People v Allen, 73 NY2d 378; People v Alford, 186 AD2d 43, lv denied 80 NY2d 973), and was for purposes of transporting him a short distance for a showup identification (see, People v Crowley, 156 AD2d 135, lv denied 75 NY2d 918).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Nardelli, Wallach, Williams and Saxe, JJ.