■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO MONTALVO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL FUENTES, Appellant. [740 NYS2d 609] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 6, 1996, convicting defendant Montalvo, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to concurrent terms of 6 to 12 years, and otherwise affirmed. Judgment, same court and Justice, also rendered May 6, 1996, convicting defendant Fuentes, after the same jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Contrary to defendant Fuentes's arguments, his suppression motion was properly denied. The observing officer witnessed conduct bearing the hallmarks of a drug transaction and providing probable cause to arrest (see, People v Jones, 90 NY2d 835).

We reject Fuentes's challenges to the sufficiency of the evidence against him. There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence warranted the inference that the drugs recovered from the apprehended buyer were purchased from Fuentes (see, People v Norman, 85 NY2d 609, 620-622). The exhibits were properly received into evidence (see, People v Julian, 41 NY2d 340).

The court properly denied defendant Montalvo's application

made pursuant to *Batson v Kentucky* (476 US 79). Montalvo's claim that the court failed to rule on the prosecutor's proffered explanations for challenging a particular panelist is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record supports the court's implicit finding that the prosecutor's reasons were not pretextual (*see, People v Carter*, 289 AD2d 41).

We perceive no basis for a reduction of sentence with respect to defendant Fuentes. However, with regard to defendant Montalvo we find the sentence imposed to be excessive to the extent indicated.

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.