■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WRIGHT, Appellant. [855 NYS2d 475]—

Judgment, Supreme Court, Bronx County (William I. Mogulescu, J., on speedy trial motion; Michael A. Gross, J., at jury trial and sentence), rendered May 3, 2002, convicting defendant of assault in the first degree, and sentencing him to a term of 16 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. The dispositive issue is whether the People's declarations of readiness were rendered illusory by the undisputed fact that, on the dates in question, they were not yet in possession of forensic evidence and medical records that they ultimately introduced at trial. We find no basis for finding these unequivocal announcements of present readiness to be illusory. There is nothing in CPL 30.30 to preclude the People from declaring their present readiness, but still gathering additional evidence to strengthen their case. Moreover, "neither statute nor case law requires that the People have the ability to produce their witnesses instantaneously in order for a statement of readiness to be valid." (*People v Dushain*, 247 AD2d 234, 236 [1998], *lv denied* 91 NY2d 1007 [1998].) Here, the People could have tried this case on the basis of eyewitness testimony alone, and the wisdom of doing so is irrelevant for speedy trial purposes. While defendant asserts that the People had a duty under *Brady v Maryland* (373 US 83 [1963]) to ascertain whether forensic tests performed by the police produced any exculpatory evidence, this is analogous to a claim that the People answered ready without turning over discoverable material. However, discovery failures have no bearing on the People's readiness (*People v Anderson*, 66 NY2d 529, 543 [1985]). Accordingly, no additional time should be charged to the People based on defendant's claim that certain declarations of readiness were illusory. While defendant claims that two additional periods should have been charged to the People, those periods, when added to the 141 days that the court charged, would not entitle defendant to dismissal of the indictment. In any event, we have considered and rejected defendant's claims relating to those two periods.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial. Defendant's summation suggested that there had been collusion among prosecution wit-

nesses and collective tailoring of testimony, and the prosecutor made a fair response to that argument (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). We do not find that the prosecutor mischaracterized defendant's defense or suggested that the jury could only reach a not guilty verdict if it found an actual conspiracy among witnesses. Defendant's remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no pattern of inflammatory remarks, and that, to the extent anything in the summation could be viewed as a misstatement of law, the court's charge was sufficient to prevent any prejudice.

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.