THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI RIQUELME, Appellant. [892 NYS2d 345]—

The court properly denied defendant's speedy trial motion. Since defendant did not address the June 5, 2006 adjournment in his motion, his present claim regarding that adjournment is unpreserved (*see People v Goode*, 87 NY2d 1045 [1996]; *People v Luperon*, 85 NY2d 71, 77-80 [1995]), and we decline to review it in the interest of justice. While the court ruled on that period of delay, it did not "expressly decide[ ]" (CPL 470.05 [2]) the particular issue presented on appeal. Moreover, the court's ruling on that period was not made in response to a protest by a party (*see People v Colon*, 46 AD3d 260, 263 [2007]). With regard to the August 16, 2006 adjournment, defendant failed to rebut the People's contention that defense counsel, who insisted on examining certain items of physical evidence prior to going ahead with the scheduled suppression hearing, requested the adjournment, and the motion court properly found this time to be excludable on that basis. Furthermore, these items were not necessary for the hearing, and their absence did not make the People responsible for the delay (*see People v Anderson*, 66 NY2d

529, 543 [1985]; *People v Wright*, 50 AD3d 429, 430 [2008], *lv denied* 10 NY3d 966 [2008]).

Since defendant's motion for a trial order of dismissal raised completely different issues from the issue he raises on appeal, his present challenge to the legal sufficiency of the evidence is unpreserved (*see People v Hawkins*, 11 NY3d 484, 492 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The evidence warranted the inference that when defendant attacked the victim he intended to commit robbery, and not merely assault, regardless of which of the attackers took the victim's wallet, watch and cell phone. There was no reasonable explanation except that of robbery for this sudden, unprovoked attack on a stranger (*see e.g. People v Nur*, 52 AD3d 351 [2008], *lv denied* 11 NY3d 792 [2008]). When a factfinder draws, from the circumstances, a reasonable inference about a defendant's intent, this does not impermissibly shift the burden to the defendant to provide an alternative explanation (*see Sandstrom v Montana*, 442 US 510, 515 [1979]; *People v Getch*, 50 NY2d 456, 465 [1980]). Furthermore, defendant's knowledge of, and complicity in, the theft were underscored by evidence that the property, especially the watch, was taken in a manner that was open and obvious to all the attackers, and that they all fled together immediately after the taking was accomplished (*see Matter of Juan J.*, 81 NY2d 739 [1992]; *People v Mendez*, 34 AD3d 697 [2006]).

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.