■ In the Matter of Markquel S., a Person Alleged to be a Juvenile Delinquent, Appellant. [940 NYS2d 247]—

Order, Family Court, Bronx County (Nancy M. Bannon, J.), entered on or about January 20, 2011, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree and menacing in the second degree, and placed him on enhanced supervision probation for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Appellant tried to stab a fellow student with a pencil, and when the victim tried to shield his face by putting up his hands, appellant stabbed at the victim again. This time the pencil lodged in the victim's wrist, caused a painful puncture wound, and had to be removed by the school nurse. This evidence established all of the elements of the offenses at issue, and it undermines appellant's argument that he was merely engaging in horseplay.

The pencil was a dangerous instrument (*see* Penal Law § 10.00 [13]) because it was readily capable of causing serious physical

injury under the circumstances of its use, regardless of the level of injury actually inflicted (*see People v Molnar*, 234 AD2d 988 [1996], *lv denied* 89 NY2d 1038 [1997]). Appellant's intent to cause physical injury, at least, could be readily inferred from his actions (*see People v Getch*, 50 NY2d 456, 465 [1980]), and the evidence established that physical injury resulted (*see People v Chiddick*, 8 NY3d 445 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]). The evidence also established menacing, in that appellant placed the victim in reasonable fear of physical injury. Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.