(August 28, 2012)

■ The People of the State of New York, Respondent, v Marsha Sibblies, Appellant. [949 NYS2d 685]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered March 3, 2009, convicting defendant, after a jury trial, of obstructing governmental administration in the second degree and resisting arrest, and sentencing her to a conditional discharge for a period of one year, unanimously affirmed.

On November 27, 2006, a police officer stopped defendant in her car after she was seen making an illegal left turn. Defendant refused the officer's request to turn over her license and registration and then, after being told that she was about to be

placed under arrest for that refusal, she physically resisted the efforts of that officer and others to obtain the requested paperwork, to remove her from the vehicle, and to place her under arrest. Among other obstructive actions, defendant closed her vehicle's window on the officer's arm, causing him injury, and flailed and kicked as she was handcuffed. Based on this incident, which occurred on November 27, 2006, defendant was initially charged with a felony, but on February 8, 2007, the People dropped that charge, which left pending the misdemeanor charges of assault in the third degree, resisting arrest, obstructing governmental administration in the second degree, and harassment in the second degree. The People filed a certificate of readiness on February 22, 2007.

At the next calendar call for the case, on March 28, 2007, the prosecutor stated: "The People are not ready at this time. The People are continuing to investigate and are awaiting medical records. It was a cop assault." On this basis, the People requested an adjournment of one week. Defendant's attorney, who was appearing for her for the first time, also requested an adjournment to prepare motions. The court adjourned the case to June 7 for trial, instructing the People to file a certificate of readiness when they were ready.

Within one week of the March 28 calendar call, the People received the medical records. On May 23, 2007, they filed a certificate of readiness. Defendant moved to dismiss on the ground that the People violated the speedy trial provisions of CPL 30.30. She noted that the People were not in possession of the medical records concerning the medical treatment rendered to the injured officer when they filed their certificate of readiness on February 22, and argued that the February 22 statement of readiness was illusory because the People announced on March 28 that they were not ready, a situation that did not change until May 23, when they again filed a certificate of readiness. In defendant's view, the People are chargeable with the period from February 8 to May 23, which exceeds the 90 days permitted by CPL 30.30.

In opposing the motion, the People asserted that, because they could have proceeded to trial without the medical records, the statement of readiness filed with the court on February 22 was made in good faith and was not way illusory. They further asserted that their decision to continue their investigation after filing their February 22 statement of readiness did not render that statement of readiness, made in good faith, a nullity. Supreme Court denied the motion, and we affirm.

The People's unequivocal contention that they could have

proceeded without the medical records is both undisputed and plainly correct. The People could have proven their case through the testimony of the injured officer, as well as that of his partner, who also participated in the defendant's stop and arrest. Without any medical records, these witnesses could have described how defendant committed the crime of assault in the third degree by rolling up her vehicle's window on one officer's arm. The officer could also have testified to the pain and bruising he suffered from defendant's actions and the time he missed from work as a result. The People indicated that they in fact subsequently changed their strategy for presenting the case, and decided to offer the medical records in support of the assault charge (of which defendant was ultimately acquitted). Since the People were plainly ready to present a prima facie case when they filed their certificate of readiness on February 22, that certificate was not illusory (see People v Fulmer, 87 AD3d 1385 [2011], lv denied 18 NY3d 994 [2012]; People v Bargerstock, 192 AD2d 1058 [1993], lv denied 82 NY2d 751 [1993]).

A statement of readiness by the prosecution "is presumed to be accurate and truthful" (People v Acosta, 249 AD2d 161, 161 [1998], lv denied 92 NY2d 892 [1998]). Defendant argues that the People's March 28 statement that they were not ready to proceed rebutted the presumption of the accuracy of their February 22 statement of readiness. Defendant's position is inconsistent with our decision in People v Wright (50 AD3d 429 [2008], lv denied 10 NY3d 966 [2008]), in which we made the following statement: "We find no basis for finding these unequivocal announcements of present readiness to be illusory. There is nothing in CPL 30.30 to preclude the People from declaring their present readiness, but still gathering additional evidence to strengthen their case" (id. at 430). Notably, at the time of the initial statement of readiness in Wright, the People were "not yet in possession of forensic evidence and medical records that they ultimately introduced at trial" (id.). In rejecting the defendant's speedy trial claim, we observed that "the People could have tried this case on the basis of eyewitness testimony alone, and the wisdom of doing so is irrelevant for speedy trial purposes" (id.). Inasmuch as the same is true here, defendant's motion to dismiss under CPL 30.30 was properly denied.

The evidence at trial was legally sufficient to support defendant's convictions for obstructing governmental administration in the second degree (Penal Law § 195.05) and resisting arrest (Penal Law § 205.30), and the convictions were not against the weight of the evidence. According to the police testimony, after

defendant was told that she was about to be placed under arrest for refusing an officer's lawful request that she produce her license and registration, she physically obstructed the police as they attempted to obtain requested paperwork, to remove her from the vehicle, and to place her under arrest, as previously noted. Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ.