[992 NYS2d 644]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ASLAM MORTOZA, Defendant.

Criminal Court of the City of New York, Queens County, September 18, 2014

## APPEARANCES OF COUNSEL

*Jorge Guttlein* for defendant.

*Richard A. Brown, District Attorney (Meredith D'Angelo* of counsel), for plaintiff.

## OPINION OF THE COURT

ELISA S. KOENDERMAN, J.

The defendant, Aslam Mortoza, is charged with assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). He moves to dismiss the criminal action against him on the ground that he has been denied his statutory right to a speedy trial (*see* CPL 30.30 [1] [b]). He argues that despite the People's off-calendar notice of readiness, they in fact were not ready to proceed and that therefore they are chargeable with more than 90 days since his arraignment. Because the court agrees that the People's statement of readiness was illusory in light of their subsequent requests for adjournments to obtain additional evidence, the defendant's motion to dismiss is granted.

Pursuant to CPL 30.30 (1) (b), the People must be ready for trial within 90 days of commencement of a criminal action charging a defendant with a misdemeanor punishable by a sentence of imprisonment of more than three months. Although a criminal action commences when the accusatory instrument is filed, counting for speedy trial purposes starts the following day (*see People v Stiles,* 70 NY2d 765 [1987]). Whether the People have satisfied their obligation to be ready under CPL 30.30 is generally determined by calculating the time between the filing of the first accusatory instrument and the People's declaration of readiness, then subtracting statutorily excludable periods of delay and finally adding any additional periods of post-readiness delay which are attributable to the People and ineligible for any exclusions under the statute (*see People v Cortes,* 80 NY2d 201 [1992]).

The defendant was arraigned on the misdemeanor complaint on October 10, 2013. The People announced not ready and the matter was adjourned to October 29, 2013 for the People to file and serve the supporting deposition from the complainant necessary to convert the complaint to an information. The People do not dispute that 19 days are chargeable to them for this adjournment.

On October 29, 2013, the People filed and served a domestic incident report (DIR) and moved to add the charge of attempted assault in the third degree to the accusatory instrument. The court deemed the complaint an information as to attempted assault in the third degree and harassment in the second degree. The defendant waived discovery and motions on the converted counts and the court adjourned the matter to January 13, 2014 for trial on the information and for a supporting deposition on the assault in the third degree count.[1]

Thereafter, off-calendar on December 18, 2013, the People filed and served a superseding information[2] with a notice of readiness for trial. On the January 13, 2014 adjournment date, however, the People announced not ready and requested an adjournment until January 28, 2014 "for the 911." In their affirmation in opposition to the instant motion, the People concede that they were not ready because they were awaiting receipt of the 911 recording. The court adjourned the matter to March 6, 2014 for trial. Again, on that date, the People reiterated that they were not ready since they still were awaiting receipt of the 911 recording. They requested March 18, 2014 and the court adjourned the matter to April 15, 2014 for trial.

On April 15, 2014, the People announced not ready because the arresting officer was unavailable and requested April 22, 2014. The court adjourned the matter to May 29, 2014 for trial. On May 29, 2014, the People announced ready for trial and the defendant filed and served the instant speedy trial motion. The period of delay resulting from a defendant's pretrial motion and the time during which it is under consideration by the court is excludable (*see* CPL 30.30 [4] [a]; *see also People v Worley*, 66 NY2d 523, 525 [1985]). Moreover, while a defendant's pretrial motion is sub judice, that period of delay is excludable (*see*

---

1. The court action sheet does not indicate whether the People announced ready on the information. Regardless, even assuming arguendo that the People stated ready, pursuant to the following analysis, their readiness was illusory.

2. The superseding information charges the defendant with assault in the third degree and harassment in the second degree. Once the defendant is arraigned on a superseding information, the court must dismiss any offense contained in the first instrument which is also charged in the second one (*see* CPL 100.50 [1]; *see also People v Thomas*, 4 NY3d 143, 147-148 [2005]). In contrast, any offense contained in the original accusatory instrument which is not charged in the superseding information continues to exist (*see id.*; *see also Thomas*, 4 NY3d at 147-148; *People v Bowman*, 84 NY2d 923, 925 [1994]). Consequently, the offense of attempted assault in the third degree, which was added to the misdemeanor complaint at the People's request on October 29, 2013 but is not charged in the superseding information, remains extant.

*People v Douglas,* 209 AD2d 161, 162 [1st Dept 1994]). Zero days therefore are chargeable to the People from May 29, 2014 to date.

Determination of the defendant's speedy trial motion turns on whether the People's initial statement of readiness was valid. If it was, only delay which is directly attributable to the People is chargeable to them (*see* CPL 30.30 [4] [f]; *see also People v Corporan,* 221 AD2d 168 [1st Dept 1995]; *Cortes,* 80 NY2d at 209), not delay due to court congestion (*see People v Chavis,* 91 NY2d 500, 502 [1998]) or court unavailability (*see People v Shaw,* 44 Misc 3d 79, 80 [App Term, 1st Dept 2014], citing *People v Tavarez,* 147 AD2d 355, 356 [1st Dept 1989]). If, on the other hand, the People's initial statement of readiness was illusory, they are chargeable with all of the time from the defendant's arraignment to the filing of the instant motion.

Readiness for trial "is not . . . an empty declaration that the People are prepared to present their direct case" (*People v England,* 84 NY2d 1, 4 [1994]). Rather, trial readiness means that "the People have done all that is required of them to bring the case to a point where it may be tried" (*id.*). Thus, to be ready for trial the People must have a valid accusatory instrument, have complied with their obligation to produce the defendant and have complied with all pretrial proceedings (*see People v Caussade,* 162 AD2d 4, 8 [2d Dept 1990]).

The People "must in fact be ready to proceed" when they announce ready for trial (*People v Chavis,* 91 NY2d 500, 505 [1998]). A statement of readiness made "at a time when the People are not actually ready is illusory" (*England,* 84 NY2d at 4). The People's statement of readiness is presumed to be accurate and truthful unless there is proof that it does not accurately reflect their position (*see People v Sibblies,* 22 NY3d 1174, 1180 [2014, Graffeo, J., concurring]).

Accordingly, where the People announce ready for trial upon a valid accusatory instrument, but then, without explanation, request an adjournment to obtain additional evidence for trial, their statement of readiness is illusory (*see id.*). A valid accusatory instrument is a jurisdictional prerequisite to trial readiness (*see People v Hansen,* 95 NY2d 227, 230 [2000]; *People v Case,* 42 NY2d 98, 99 [1977], citing *People v Harper,* 37 NY2d 96, 99 [1975]). It is not, however, the equivalent of trial readiness (*see People v Kendzia,* 64 NY2d 331, 337 [1985]; *see also People v Cole,* 73 NY2d 957 [1989]). While the People are entitled to declare their readiness on a valid accusatory instrument, they

must be prepared to go forward with the evidence in their possession at that time (*see People v Wright*, 50 AD3d 429, 430 [1st Dept 2008]). If they subsequently request an adjournment to obtain additional evidence in order to be ready for trial, their initial statement of readiness is illusory unless the record supports the inference that " 'the People made an initial strategic decision to proceed, if necessary, with a minimal prima facie case, but later determined to present additional evidence' " (*Sibblies*, 22 NY3d at 1181 [Graffeo, J., concurring], quoting *People v Bonilla*, 94 AD3d 633, 633 [1st Dept 2012]).

Record support for such an inference encompasses more than the People's bare assertion that they once were willing to go forward without the additional evidence but now are not. Indeed, to accept such a transparent excuse for the People's unreadiness would nullify the force and effect of *Sibblies*. Rather, such support might be an averment that the People just discovered the existence of additional evidence which they wish to obtain to strengthen their case, or that they have lost control of a material witness, requiring that they secure other evidence to be able to go forward.[3]

In any event, no record support for the inference that the People made an initial strategic decision to go forward without the 911 recording exists here. Indeed, the record yields the exact opposite inference: that the People never intended to proceed to trial without the 911 recording. Significantly, the People first sought to convert the complaint to an information with a DIR rather than a standard supporting deposition. A DIR is qualitatively different from a supporting deposition. A DIR is an affidavit which the complainant handwrites in her own words at the scene of the domestic incident, before the prosecution begins. It often fails to contain facts pleaded in the misdemeanor complaint. In this case, for example, the DIR contains no allegations of physical injury to support the charge of assault in the

---

3. The sudden unavailability of a material witness or material evidence also may qualify as an exceptional circumstance under CPL 30.30 (4) (g) (i) (*see People v Miller*, 113 AD3d 885, 888 n [3d Dept 2014] [exceptional circumstances under CPL 30.30 (4) (g) exist where a witness is ill, is unavailable due to military service deployment, unexpectedly leaves the country or has a last-minute refusal to testify]). Nevertheless, the People are not required to demonstrate an exceptional circumstance for their previous statement of readiness to be valid, only a sufficient explanation to justify their current position (*see People v McLeod*, 44 Misc 3d 505, 508-509 [Crim Ct, NY County 2014] [holding that the "narrower" concurrence by Judge Graffeo in *Sibblies* is controlling precedent]).

third degree. In contrast, the District Attorney's Office drafts a supporting deposition in conjunction with a misdemeanor complaint. The complainant signs it after the complaint has been docketed and the criminal action has commenced. By signing the supporting deposition, the complainant attests that the facts said to be furnished by her in the misdemeanor complaint are true. From the prosecutor's perspective, a supporting deposition is preferable to a DIR because it directly corroborates the facts alleged in the misdemeanor complaint and signifies the complainant's willingness to cooperate, at least at the initial stage of the proceeding. Often when the People are unable to procure a supporting deposition, they will file a DIR instead.

Here, the People's action in filing a DIR in lieu of a supporting deposition suggests that the complainant either is unavailable or uncooperative. That inference is bolstered by the fact that the People subsequently filed a superseding information based upon the first-party observations of the police officer who responded to the domestic incident, which contained a purported excited utterance from the complainant. Yet on the first adjournment date after filing the superseding information with its accompanying notice of readiness, the People declared that they were not ready because they needed "the 911." On the next adjournment date, almost two months later, the People again announced not ready for the same reason. In this case, where it appears that the complainant was never cooperative, the record is clear that the People never intended to go forward without the 911 recording. Therefore they could not have been ready when they said they were. Under the circumstances, their statement of readiness was truly "readiness in the air, without readiness on the ground" (*Sibblies*, 22 NY3d at 1178 [Lippman, Ch. J., concurring]) and was illusory.

Accordingly, since a total of 231 days has accrued to the People since the defendant's arraignment, his motion to dismiss on the ground that he has been deprived of his statutory right to a speedy trial is granted.