*1004 OPINION OF THE COURT
Joanne B. Watters, J.
The defendant, Rosa America, is charged with a single count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). She moves for an order dismissing the accusatory instrument on the ground that her speedy trial rights pursuant to CPL 30.30 have been violated. The People oppose this motion.
The People must be ready for trial for this offense within 90 days of commencement of the criminal action, absent excludable time (CPL 30.30 [1] [b]). Because the court holds that 285 days are chargeable to the People, the defendant’s motion is granted.
Under New York’s readiness rule, when a defendant is charged with a misdemeanor offense punishable by more than three months of incarceration and no felony, the case must be dismissed when the People have not answered ready for trial within 90 days of the commencement of the action (CPL 30.30 [1] [b]). Penal Law § 220.03 is a class A misdemeanor punishable by a maximum of one year of imprisonment (Penal Law § 70.15 [1]). Accordingly, the CPL 30.30 time limit for this accusatory instrument is 90 days from commencement of the action.
This action commenced on September 18, 2014 when the People served and filed a criminal court information charging the defendant with the aforementioned offense. The defendant bears the burden of going forward with sworn allegations of fact to show that there has been an inexcusable delay beyond the time allowed by the statute, and then the People have the burden of justifying that delay (see People v Santos, 68 NY2d 859 [1986]).
A review of the defense motion papers, the People’s written response, and the court file discloses that the periods of delay are attributable as follows:
The period of delay from the commencement of the action on September 18, 2014, when the case was adjourned for hearings and trial, through September 30, 2014 is not chargeable to the People. The People did not answer ready for trial. However, the defendant does not contest that the adjournment for hearings was with her consent (cf. People v Liotta, 79 NY2d 841, 843 [1992]). An adjournment to resolve a defendant’s motion to suppress evidence is not chargeable to the People (see CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985]).
On November 12, 2014, the People answered ready. Because defense counsel was not ready, the case was adjourned until *1005 January 21, 2015 for hearings and trial. However on January 21, 2015 and on the next seven adjourned dates, the People answered not ready and on each occasion requested a one-week adjournment.*
Since November 12, 2014, the People have never again answered ready for trial. The People contend that they answered ready on January 28, 2015, April 8, 2015, May 13, 2015, June 24, 2015, July 29, 2015, September 23, 2015 and October 28, 2015. However, the case was not on the calendar on any of those dates, the court file is devoid of any certificates of readiness filed off-calendar on those dates or any other date, and the court’s entries on the file action sheets for any subsequent dates do not reflect any such off-calendar certificates of readiness. Except for their unreadiness on July 22, 2015 when they attributed their unreadiness to the arresting officer’s unavailability without explanation, the People neither gave any reason whatsoever for their unreadinesses nor have they given any reason in their response to this motion.
An assertion of readiness which is made “at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock” (People v England, 84 NY2d 1, 4 [1994]). Before the Court of Appeals issued its decision in People v Sibblies (22 NY3d 1174 [2014]), binding case law did not question the People’s unreadiness after their prior assertion of readiness if the record was silent as to a reason for their current unreadiness (see e.g. People v Carter, 91 NY2d 795, 799 [1998]; People v Young, 110 AD3d 1107, 1107-1108 [2d Dept 2013], lv denied 23 NY3d 1044 [2014]). It had been long held that once the People assert their readiness for trial they did not generally need to repeatedly assert their readiness again (see People v Cortes, 80 NY2d 201, 214 [1992]). There had been a presumption that a declaration of readiness was accurate and truthful (see People v Acosta, 249 AD2d 161 [1st Dept 1998]).
People v Sibblies cast a shadow on the presumption that excused the People from having to give an acceptable reason *1006 for post-readiness unreadiness. Sibblies by a 6-0 vote reversed the denial of the defendant’s CPL 30.30 motion, which had contended that the People’s earlier assertion of readiness was illusory based upon a series of answers of unready followed by the filing of certificates of readiness followed by unreadiness at the next court date. Two Judges joined Chief Judge Lippman’s concurrence that would have required the People to show that their post-readiness unreadiness was the result of an exceptional circumstance. Two Judges joined with Judge Graffeo’s concurrence that expressed an unwillingness to require the People to justify their unreadiness. Nevertheless, Judge Graffeo concluded that the record itself called into question the People’s prior assertion of readiness.
The First Department in its most recent post-Sibblies post-readiness unreadiness decision has clearly adopted the Chief Judge Lippman concurrence as the test. In People v Rodriguez (135 AD3d 587 [2016]), the Appellate Division reversed denial of the defendant’s CPL 30.30 motion because the People did not explain how the circumstances had changed from the time when they had filed a certificate of readiness. Rodriguez quoted Judge Graffeo’s reliance in Sibblies on the People’s failure to explain what had changed because they now needed a police officer’s medical records. Two different panels of the Appellate Term, Second Department, also have dismissed cases because of the People’s failure to justify their subsequent, repeated unreadiness (see People v Guirola, 51 Misc 3d 13 [2016]; People v Canady, 50 Misc 3d 132[A], 2015 NY Slip Op 51942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Before Rodriguez, another panel of the First Department upheld denial of a CPL 30.30 claim (People v Brown, 126 AD3d 516, 519 [2015]) because the record supported an inference that the People initially relied on a strategic decision to answer ready on “a minimal prima facie case” and that their subsequent decision to beef up their case did not call into question their initial statement of readiness. In Brown, there was only one post-readiness unreadiness. Brown adopted Judge Graffeo’s rejection of compelling the People to affirmatively justify a subsequent unreadiness. However, although Brown does not supply details as to any reason given by the People for their unreadiness it is clear that the People gave some sort of excuse for their unreadiness in that case.
In the instant matter, the case against the defendant appears to rely on the expected testimony of a police sergeant *1007 who allegedly recovered a controlled substance from the defendant’s pocketbook or in the alternative another police officer who allegedly observed that event plus, of course, the testimony of a police chemist. Given the significant number of not-ready declarations, it was incumbent on the People to give reasonable explanations for those declarations except for the June 24, 2015 adjournment which was in part caused by the defendant’s unexplained failure to appear on that date.
As for the July 22, 2015 adjournment, the People’s assertion that the arresting officer was unavailable is insufficient to establish that circumstance was exceptional. Why was the officer unavailable? The People did not say.
The record requires that the full 285 days that passed during these eight adjournments be charged to the People. In drawing this conclusion, the court is mindful of Chief Judge Lippman’s concurrence in Sibblies on the legislature’s goal in enacting CPL 30.30—to reduce delays in bringing cases to trial. Unreasonable delays “deprived defendants of their right to a prompt trial, hindered the People’s ability to try cases effectively, and undermined public confidence in the criminal justice system” (People v Sibblies, 22 NY3d at 1176). The Rodriguez decision squarely addresses that concern by compelling the People to justify their post-readiness unreadiness. Under the circumstances of the instant case, the People have not met their burden of justifying this excessive delay. The instant case is very like the aforementioned Guirola and Canady cases in that a progression of unreadinesses called into question the accuracy of a statement of readiness.
The period of delay from December 2, 2015 through February 17, 2016 is not chargeable to the People because it was caused by the defendant’s unexcused absences. The period of delay from February 17, 2016 to March 23, 2016 occurred to enable the defendant to serve and file the instant motion at her request, to enable the People to serve and file a response and for the court to consider the motion (see CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985]).
Conclusion
From commencement of this case with the filing of the criminal court complaint on September 18, 2014 to date, 285 chargeable days have passed without the People effectively answering ready for trial. Because this is more than the 90-day time limit for the only count, the People have exhausted their CPL 30.30 time limit.
*1008 Accordingly, the defendant’s motion for an order dismissing the accusatory instrument is hereby granted.

 January 21, 2015 to April 1, 2015, requesting one week; April 1, 2015 to May 6, 2015, requesting one week; May 6, 2015 to June 17, 2015, requesting one week; June 17, 2015 to June 24, 2015, requesting one week; June 24, 2015 to July 22, 2015, requesting one week; July 22, 2015 to September 16, 2015, requesting one week; September 16, 2015 to October 21, 2015, requesting one week; and October 21, 2015 to December 2, 2015, requesting one week.