OPINION OF THE COURT
Albert D. Koch, J.
The defendant moves to dismiss the indictment pursuant to CPL 30.30.
*197 The People concede that the following periods are chargeable to them:
January 23, 1996 — February 5, 1996 13 days
May 24, 1996 — May 30, 1996 6 days
July 8, 1996 — July 15, 1996 7 days
July 15, 1996 — July 30, 1996 15 days
August 26, 1996 — September 4, 1996 9 days
October 15, 1996 — October 25, 1996 10 days
November 27, 1996 — December 5, 1996 8 days
68 days
The issue raised is whether, after a declaration of readiness, the time an assigned Assistant District Attorney is actually engaged on trial in one case constitutes a basis for excluding that period of time from being charged to the People in another case under CPL 30.30.
CPL 30.30 was enacted to provide for dismissal in nonhomicide felony cases where the People are not ready for trial within six months of the commencement of the criminal action. This section of law does not, in the purest sense, pertain to "speedy trial” considerations (see, People v Worley, 66 NY2d 523, 527; People v Brothers, 50 NY2d 413, 416-417; People ex rel. Franklin v Warden, 31 NY2d 498, 501-502). True speedy trial restrictions are covered by CPL 30.20.
CPL 30.30 sets forth time frame requirements which allow dismissal in some cases and release of incarcerated defendants in others when the People are not ready for trial. Case law mandates that the six-month requirement of readiness be communicated by the People on the record and that they indicate their present readiness (see, People v Kendzia, 64 NY2d 331, 337). "Pre-readiness” delays are those time periods which precede the readiness declaration and are charged to the People except to the extent that particular periods may be excused under the explicit statutory provisions (CPL 30.30 [4]). "Postreadiness” delays occur where the People were ready for trial prior to the expiration of the specified time period and may be excluded when their present unreadiness is due to some exceptional fact or circumstance (CPL 30.30 [3] [b]).
A review of the history of this case reveals that the action was commenced on January 22, 1996 by the filing of a felony complaint. The defendant was indicted on January 26, 1996 and arraigned on February 13, 1996 when the People announced and filed their statement of readiness. All time prior to this date are "pre-readiness” delays and are chargeable to the People. All subsequent times are "postreadiness” delays.
*198 On March 6, 1996 the defendant made a motion to suppress all evidence obtained as a result of the unlawful arrest of the defendant pursuant to CPL 710.20. The court granted a hearing in this regard and scheduled it for April 18, 1996. The hearing did not take place because the assigned Assistant District Attorney was actually engaged on trial in other matters on six separate dates between April 18, 1996 and July 15, 1996 when the defendant withdrew the application for the hearing. This case was on for a hearing and the People’s failure to be ready for the hearing during that time is not chargeable to the People for CPL 30.30 purposes because it did not affect their readiness for trial. While logically it may be difficult to imagine or verbalize how the People, unable to proceed to a hearing can still be ready for trial, this question has been resolved by People v Anderson (66 NY2d 529). In that case, the Court held that not every "postreadiness default’’ by the People, even if such failure is not generated by exceptional circumstances, results in a dismissal of the indictment under CPL 30.30 when lesser sanctions are available. In this case, other sanctions, such as preclusion or suppression of evidence being the subject of the scheduled hearing were available to the court, so dismissal under CPL 30.30 is unwarranted.
Further, the court finds that the "exceptional circumstances’’ required have also been met. Admittedly, the exact definition of "exceptional circumstances’’ is not contained within the subdivision. The courts have attempted to resolve this lack of definition on a case-by-case basis. Unfortunately, most cases researched to this point have defined what an "exceptional circumstance” isn’t and leave to conjecture as to what it is.
In People ex rel. Franklin v Warden (31 NY2d 498, supra) the Court held that trial delay due to court congestion cannot be charged against the People where they were ready to proceed within the statutory time limit. However, in People v McKenna (76 NY2d 59) the Court held that the People’s negligent failure to provide Grand Jury minutes to the court for five months, after they answered ready, to resolve a pending motion did not merely impair the defendant’s ability to proceed to trial but prevented the trial from going forward. The Court concluded that this had a "direct bearing on the People’s readiness, since the People can hardly claim to be 'ready’ when they have not done all that is required of them to bring the case to the point where it may be tried” (supra, at 64). Even where the prosecutorial "laxity” inadvertently creates a direct impediment to the commencement of the trial the postreadiness delay is *199 chargeable to the People. In this instance, the Court found there to be no suitable, lesser remedies as an alternative to dismissal. Similarly, in People v Anderson (66 NY2d 529) the People’s failure to produce an incarcerated defendant for trial resulted in a postreadiness dismissal under CPL 30.30.
This court does not find this to be an assets allocation failure on the part of the People (see, People v Sturgis, 77 Misc 2d 766). Unlike the People’s contention in People v Warren (85 AD2d 747), there is no claim or evidence here that a shortage of personnel and/or large case loads during the pendency of the instant case were the reasons for the delays and constituted "exceptional circumstances”. In this context, "exceptional” means a blameless inability to proceed, not rarity of occurrence. No amount of prosecutorial assets or careful planning or preparation can allow one person to be in two places at the same time. No wrongdoing or dereliction has occurred if an assigned Assistant, in good faith, is ready for trial and is ordered to trial on another matter or á trial which is expected to end carries over (see, People v Goss, 87 NY2d 792).
Judicial determinations that an accident (see, People v Weigand-Gordon, 138 Misc 2d 301) is an "exceptional circumstance” put to rest the unfortunate belief in some quarters that Assistant District Attorneys are "fungible” goods. The logic underlying these determinations would certainly apply in cases of sudden, disabling illness. Whether felled by a germ or a Judge, without some fault, actual readiness for trial should not be vitiated.
No amount of good management, short of having Assistants with a case load of one, can insure that sort of trial availability. In the instant case, until the hearing was withdrawn, the People would have been hard pressed to prevent the Assistant from being put on trial because of a scheduled hearing. Any requirement imposed by the courts in that direction would not only be onerous but would thwart the public right to have these matters litigated rather than dismissed for highly technical reasons unconnected to fairness, efficiency or constitutional reasoning.
Therefore, the court finds the following time periods when the assigned Assistant District Attorney was actually engaged on trial in other matters to be excludable:
April 18, 1996 — May 3, 1996 15 days
May 3, 1996 — May 8, 1996 5 days
*200 May 8, 1996 — May 16, 1996 8 days
May 16, 1996 — May 24, 1996 8 days
May 30, 1996 — June 14, 1996 15 days
June 25, 1996 — July 8, 1996 13 days
September 4, 1996 — September 16, 1996 12 days
September 16, 1996 — September 30, 1996 14 days
September 30, 1996 — October 14, 1996 15 days
The court finds the following time period chargeable to the People:
March 26, 1996 — April 8, 1996 13 days
The court finds a total of 81 days chargeable to the People.