■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS RODRIGUEZ, Appellant. [24 NYS3d 586]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., at speedy trial motion; Michael R. Sonberg, J., at jury trial and sentencing), rendered March 11, 2013, convicting defendant of criminal possession of a weapon in the third degree and criminal trespass in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, reversed, on the law, and the indictment dismissed.

Defendant is entitled to dismissal on speedy trial grounds because the certificates of readiness that the People filed on August 30, 2011 and February 7, 2012 were illusory under the principles that the Court of Appeals discussed in *People v Sibblies* (22 NY3d 1174 [2014]), which was decided after defendant's conviction. The chargeable time, added to the time the court properly charged to the People, totals 295 days, well over the 184 days within which the People should have been ready for trial.

First, the People provided no explanation why, after filing and serving the certificate of readiness on August 30, 2011,

shortly after defendant's arraignment on August 25, 2011, they answered not ready at the next court date on September 7, 2011 (*see People v Bonilla*, 94 AD3d 633, 633 [1st Dept 2012]). Nothing in the record, express or inferred, explains their change in status from ready to not ready. As the People "gave no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed," and the statement of readiness thus "did not accurately reflect the People's position," the People should have been charged with the entire period, a total of 70 days (*Sibblies*, 22 NY3d at 1181 [Graffeo, J., concurring]; *see People v Brown*, 126 AD3d 516, 517-518 [1st Dept 2015], *lv granted* 25 NY3d 1160 [2015]; *see also People v England*, 84 NY2d 1, 4-5 [1994]). The People argue that the court did not ask for any reason, but the burden rests on the People to clarify, on the record, the basis for the adjournment (*People v Salgado*, 27 AD3d 71, 75 [1st Dept 2006], *lv denied* 6 NY3d 838 [2006]).

Second, after the People answered not ready on January 31, 2012, because the prosecutor was on trial in another case, the matter was adjourned to March 20, 2012. On February 7, 2012, the People filed and served a certificate of readiness. At the next court date, March 20, 2012, however, they again answered not ready because the prosecutor was on trial in another case. The court properly deemed the entire period chargeable to the People, "notwithstanding" the February 7, 2012 certificate of readiness, but should have also charged subsequent adjournments to the People. If the prosecutor was on trial at the prior and subsequent adjournments, it is unclear why the People filed and served an off-calendar certificate of readiness, or whether the prosecutor was on trial in the same or a different case. As a result, the February 7, 2012 certificate of readiness was illusory, and the entirety of subsequent adjournment periods (not merely the number of days the People requested), until the People next announced that they were ready, should have been charged to them. Specifically, the 50 days from March 20, 2012 until May 9, 2012, 61 days from May 9, 2012 to July 9, 2012, and 52 days from July 9, 2012, until August 30, 2012, when the People validly declared their readiness, should have been charged.

The dissent appears to confine the People's illusory statements of readiness in *Sibblies* to a later need for further investigation or to obtain additional records for trial. However, even though Judge Graffeo's concurrence required some proof that the readiness statement did not accurately reflect the

People's position, because the People "gave no explanation for the change in circumstances between the initial statement of readiness and [the admitted later inability] to proceed" (22 NY3d at 1181), the decision is broader and applies to the excuses in this appeal as well.

In view of the foregoing, we find it unnecessary to reach any other issues. Concur—Sweeny, J.P., Acosta and Moskowitz, JJ.

Andrias, J., dissents in a memorandum as follows: Based on its holding that the off-calendar certificates of readiness filed by the People on August 30, 2011 and February 7, 2012 must be deemed illusory under *People v Sibblies* (22 NY3d 1174 [2014]), the majority finds that defendant's CPL 30.30 speedy trial motion should have been granted because 295 days are chargeable to the People. However, because I believe that *Sibblies* is inapposite and that defendant is not entitled to dismissal on speedy trial grounds on the record before us, I respectfully dissent.

On August 25, 2011, defendant was arraigned on three misdemeanor charges in Criminal Court, namely criminal possession of a weapon in the fourth degree, criminal trespass in the second degree, and criminal trespass in the third degree. The complaint was deemed an information and the case was adjourned on consent to September 7, 2011 for hearings and trial. The court also ordered the People to provide a Voluntary Disclosure Form (VDF).

On August 30, 2011, the People filed and served their first off-calendar certificate of readiness. On September 7, 2011, without explanation, the People requested "one week for trial." The court, without further inquiry, adjourned the case to November 16, 2011. On November 16, the People requested an unspecified adjournment because "the arresting officer had a family situation and became unavailable suddenly." The court adjourned the case to January 31, 2012. On November 22, 2011, the People filed their second off-calendar certificate of readiness.

On January 31, 2012, the People requested an unspecified adjournment, stating that they were not ready because the assigned assistant district attorney (ADA) was on trial in another part. The court adjourned the case to March 20, 2012. On February 7, 2012, the People filed their third off-calendar certificate of readiness.

On March 20, 2012, the People again requested a one-week adjournment because the assigned ADA was on trial in another part. The court adjourned the case to May 9, 2012. On May 9, the People requested a one-week adjournment because the as-

signed ADA was believed to have been out of the country. The court adjourned the case until July 9, 2012. On July 9, the People stated that they were ready on two of the three misdemeanor cases against defendant that were on that day. However, with respect to this case, the People, without explanation, asked for a one-week adjournment. Because no trial parts were available, all three cases were adjourned to September 5, 2012 for hearing and trial.

On July 20, 2012, defendant was indicted by a grand jury on the underlying felony of criminal possession of a weapon in the third degree. On August 27, 2012, the People filed their fourth off-calendar certificate of readiness.

On August 30, 2012, defendant was arraigned and the matter was adjourned, first, for motion practice and, then, to November 8, 2012, for hearing and trial. On November 8, the People, without explanation, stated that they were not ready and requested a one-week adjournment. Defense counsel requested "at least a month" in order to consult with a knife expert. The court adjourned the case to December 6, 2012.

On December 6, the People declared readiness in court. Defendant, by counsel, filed a motion to dismiss the indictment pursuant to CPL 30.30 (1) (a), asserting that the People should be charged for the entire period of each adjournment, rather than the time they had requested, because their certificates of readiness were illusory. Defendant also argued that the People had failed to serve him with a VDF, despite being directed to do so by the court on multiple occasions, which further demonstrated the illusory nature of their certificates. The court adjourned the case to January 13, 2013 for a decision on the motion.

By order dated January 10, 2013, the trial court, in a decision that predated the Court of Appeals decision in *Sibblies*, denied defendant's motion. The court found that the People's "discovery lapses" in providing a VDF did not "implicate [the People's] ability to proceed" and thus, were not "includable events." Rejecting defendant's claim that the People's four off-calendar certificates of readiness were illusory, the court then found that only 90 days were chargeable to the People, consisting of: (a) the seven-day adjournment requested without explanation on September 7, 2011; (b) the six-day adjournment granted on November 16, 2011 because the arresting officer was not available; (c) the entire 49-day adjournment granted on November 22, 2011 when the assigned ADA was on trial in another matter; (d) the seven-day adjournment requested on March 20, 2012 when the assigned ADA was on trial in another

matter; (e) the seven-day adjournment requested on May 9, 2012 when the assigned ADA may have been out of the country; (f) the seven-day adjournment requested on July 9, 2012 when the People were ready for the other two cases against defendant, but not this one; and (g) the seven-day adjournment requested on November 8, 2012, without explanation.

For the purpose of calculating the six-month speedy trial limitation in CPL 30.30 (1) (a), the People, following a valid statement of readiness, are chargeable only with the time actually requested by them. However, if the certificate of readiness is illusory, the People are charged with the full duration of the adjournment (*see People v Carter*, 91 NY2d 795 [1998]; *People v Young*, 110 AD3d 1107 [2d Dept 2013], *lv denied* 23 NY3d 1044 [2014]).

In *Sibblies*, the three judge concurrence by Chief Judge Lippman stated that, "if challenged, the People must demonstrate that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial" at the next court appearance after filing the certificate (22 NY3d at 1178). Chief Judge Lippman found that the People's desire to strengthen their case after they filed the certificate of readiness did not satisfy this requirement.

The three judge concurrence by Judge Graffeo took a narrower approach (22 NY3d at 1179). Judge Graffeo recognized established precedent that the requirement of actual readiness under CPL 30.30 "will be met unless there is proof that the readiness statement did not accurately reflect the People's position" and that "there is a presumption that a statement of readiness is truthful and accurate" (22 NY3d at 1180 [internal quotation marks and citation omitted]). However, she found the statement of readiness in *Sibblies* was illusory because the People "gave no explanation for the change in circumstances between the initial statement of readiness and the[ir] subsequent admission that the[y] . . . were not ready to proceed without the medical records" (22 NY3d at 1181). In *People v Brown* (126 AD3d 516, 517-518 [1st Dept 2015], *lv granted* 25 NY3d 1160 [2015]), this Court held that Judge Graffeo's concurrence, as the narrowest holding in *Sibblies* plurality opinion, should be followed.

The majority finds that the certificate of readiness filed on August 30, 2014 must be deemed illusory under *Sibblies* because the People provided no explanation why they were not ready at the next court date on September 7, 2011, and nothing in the record, express or inferred, explains their change in status. Insofar as the People argue that the court did not ask

for any reason, the majority states that the burden rests on the People to clarify, on the record, the basis for the adjournment. Thus, the majority holds that the People should have been charged with the entire 70-day period from September 7, 2011 to November 16, 2011.

However, *Sibblies* is inapposite. In *Sibblies*, Judge Graffeo stated that the People should be charged with speedy trial time when a statement of readiness is followed by an unexplained lack of readiness and there is "proof that the readiness statement did not accurately reflect the People's position" (*Sibblies*, 22 NY3d at 1180-1181, quoting *People v Carter*, 91 NY2d at 799). Thus, she found that the People's silence was enough to defeat the presumption that their prior statement of readiness was valid because the record demonstrated that they requested the adjournment to obtain additional evidence for trial. However, here "unlike, *Sibblies*, there is no 'proof that the readiness statement did not accurately reflect the People's position,' so as to render the prior statement of readiness illusory" (*People v Brown*, 126 AD3d at 518, quoting *Sibblies*, 22 NY3d at 1180 [Graffeo, J., concurring]). There is nothing in the record to show that the People requested the brief adjournment of "one week for trial" on September 7, 2011 because they needed to gather further evidence. Thus, the trial court correctly charged the People with only the seven-day adjournment they requested, not the full 70-day period (*see People v Brown*, 126 AD3d 516 [1st Dept 2015]).

The majority also finds that the certificate of readiness filed on February 7, 2012 must be deemed illusory because "[i]f the prosecutor was on trial at the prior and subsequent adjournments, it is unclear why the People filed and served an off-calendar certificate of readiness, or whether the prosecutor was on trial in the same or a different case." As a result, the majority finds that the entirety of subsequent adjournment periods until the People next announced that they were ready should have been charged to them, namely the 50-day period from March 20, 2012 until May 9, 2012; the 61-day period from May 9th to July 9, 2012; and the 52-day period from July 9th to August 30, 2012.

I disagree. On the record before us, defendant did not rebut the presumption of truthfulness and accuracy afforded to the People's February 7, 2012 certificate of readiness.

"No amount of prosecutorial assets or careful planning or preparation can allow one person to be in two places at the same time. No wrongdoing or dereliction has occurred if an assigned [a]ssistant, in good faith, is ready for trial and is ordered

to trial on another matter or a trial which is expected to end carries over" (*People v McBee*, 172 Misc 2d 196, 199 [Sup Ct, Kings County 1997]; *see also People v Goss*, 87 NY2d 792 [1996]). Here, on January 31, 2012 the court adjourned the case to March 20, 2012 because the assigned ADA was on trial in another part. On March 20, 2012, the People again requested a one week adjournment because the assigned ADA was on trial. There is nothing in the record from which to infer that when the People filed their certificate of readiness on February 7, 2012, they had reason to know that the assigned ADA would still be unavailable six weeks later and that they would require another short adjournment. The subsequent adjournment requests relating to the February 7, 2012 certificate of readiness were due to the assigned ADA being out of the country, the People being ready on only two of the three cases against defendant involving the same ADA, and defendant's indictment by a grand jury on the underlying felony of criminal possession of a weapon in the third degree. Each time these factors prevented the People from being ready, the People asked for only a short adjournment to be ready for trial. Defendant offers only speculation to contradict the record's showing of valid statements of readiness. Accordingly, the People should not be charged for the entire 295 days of adjournments following the February 7, 2012 certificate of readiness.

The court properly instructed the jury regarding defendant's possession of a gravity knife (*see People v Herbin*, 86 AD3d 446, 447 [1st Dept 2011], *lv denied* 17 NY3d 859 [2011]). The verdict was not against the weight of the evidence (*see People v Parrilla*, 112 AD3d 517, 517 [1st Dept 2013], *lv granted* 26 NY3d 933 [2015]).

Accordingly, I would affirm the judgment.