*506 OPINION OF THE COURT
Barry Rron, J.
The defendant has moved for an order dismissing the indictment pursuant to CPL 30.30 (1) (a), alleging that the People have failed to be ready for trial within six months since commencement of the criminal action against him.
The actual date of the filing of the accusatory instrument is not includable in the CPL 30.30 calculation (see People v Stiles, 70 NY2d 765 [1987]). Here, the defendant was arraigned on the felony complaint underlying indictment No. 896-2014 on July 5, 2013, so the People had 184 days to be ready for trial pursuant to statute.
The defendant was indicted and charged under indictment No. 896-2014 with two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), and operating a motor vehicle with a tinted window (Vehicle and Traffic Law § 375 [12-a] [b]). The defendant was arraigned on the felony complaint on July 5, 2013. The instant indictment and statement of readiness were filed on April 23, 2014. On May 27, 2014, the defendant was arraigned on this indictment.
CPL 30.30 (1) (a) requires that the People be ready for trial within six months from the commencement of the criminal action exclusive of any period of time which is properly excludable by statute or case law (People v Smith, 81 AD2d 965 [3d Dept 1981]).
The burden of proving that certain periods of time are excludable is upon the People (People v Berkowitz, 50 NY2d 333 [1980]). Defendant argues that over six months of chargeable time have elapsed, requiring the dismissal of the indictment.
The court makes the following determinations as to the proper calculation of chargeable time periods for purposes of its CPL 30.30 determination and addresses those time periods defendant asserts are chargeable to the People:
The defendant was arraigned on the underlying felony complaint on July 5, 2013. Although this matter was adjourned several times for grand jury action, the parties both agree that defendant and his attorney filed a waiver of CPL 180.80, 190.80 and 30.30 rights (hereinafter waiver) on February 10, 2014 (see ¶| 7-8 of defendant’s motion; People’s response ¶¶ 2-5). *507 Thus, the time period from July 5, 2013 to February 10, 2014, which is not challenged by the defendant in his motion, is excludable for purposes of CPL 30.30 calculations.
On April 23, 2014, the instant indictment and certificate of readiness were filed by the People. The time period from February 10, 2014 until April 23, 2014 is chargeable to the People for a total of 72 days for purposes of CPL 30.30 calculations (see People v England, 84 NY2d 1 [1994]).
On May 27, 2014, defendant was arraigned on the indictment, a motion schedule was set, and the case was adjourned to August 21, 2014 for decision and hearings. This time is excludable for purposes of CPL 30.30 calculations, and is not contested by defendant (see defendant’s motion ¶ 9).
On August 21, 2014, the People announced not ready to proceed with the suppression hearing and requested an adjournment to August 29, 2014. The matter was adjourned to October 9, 2014 for the hearing. The People were charged a total of 8 days for purposes of CPL 30.30 calculations (see ¶ 10 of defendant’s motion; ¶ 9 of People’s response).
On October 9, 2014, the People were not ready to proceed with the hearing and were charged until October 14, 2014. The case was adjourned to November 12, 2014 for the hearing. The People were charged a total of 5 days for purposes of CPL 30.30 calculations (see ¶ 11 of defendant’s motion; ¶ 10 of People’s response).
On November 12, 2014, the People were not ready to proceed with the hearing and were charged until November 14, 2014. The case was adjourned to December 12, 2014 for the hearing. The People were charged a total of 2 days for purposes of CPL 30.30 calculations (see defendant’s motion ¶ 12; People’s response ¶ 11).
On December 12, 2014, the People were not ready to proceed with the hearing and were charged until December 16, 2014. The case was adjourned to January 20, 2015 for the hearing. The People were charged a total of 4 days for purposes of CPL 30.30 calculations.
On January 20, 2015, the People were not ready to proceed with the hearing and were charged 7 days. The case was adjourned to February 26, 2015 for the hearing. The People were charged a total of 7 days for purposes of CPL 30.30 calculations.
On February 26, 2015, the People were ready to proceed but defense counsel was engaged on trial with another matter. The case was adjourned to March 20, 2015 for the hearing to com- *508 menee. This time is excludable for purposes of CPL 30.30 calculations and is not challenged by defendant in his motion.
On March 20, 2015, the People were ready to proceed but defense counsel was unavailable due to a medical condition (see defendant’s motion ¶ 16). The case was adjourned to April 7, 2015 for the hearing to commence. This time is excludable for purposes of CPL 30.30 calculations and is not challenged by defendant in his motion.
On April 7, 2015, the People were ready to proceed and the case was sent to the Honorable Ira H. Margulis. The case was adjourned to April 9, 2015 for the continuation of the hearing. This time is excludable for purposes of CPL 30.30 calculations and is not challenged by defendant in his motion.
The case was adjourned several times in Part K12 for purposes of rendering a decision on the hearing. By written decision dated August 12, 2015, Judge Margulis denied defendant’s motion to suppress. The case was adjourned to October 14, 2015 for trial. This time is excludable for purposes of CPL 30.30 calculations and is not challenged by defendant in his motion (see defendant’s motion ¶¶ 17-20).
On October 14, 2015, the People were not ready to proceed and were charged until October 22, 2015. The case was adjourned to November 17, 2015 for purposes of trial. The People were charged a total of 8 days for purposes of CPL 30.30 calculations.
On November 17, 2015, the People were ready to proceed but defense counsel was engaged on trial with another case. The case was adjourned until January 5, 2016 for trial. This time is excludable for purposes of CPL 30.30 calculations and is not challenged by defendant in his motion.
On January 5, 2016, the People were not ready to proceed and were charged until January 20, 2016. The case was adjourned to January 25, 2016 for purposes of trial. The People were charged a total of 15 days for purposes of CPL 30.30 calculations.
On January 25, 2016 defense counsel was engaged and the case was adjourned to March 16, 2016 for trial. This time is excludable for purposes of CPL 30.30 calculations and is not challenged by defendant in his motion.
On March 16, 2016, the People were ready to proceed but defense counsel was engaged. The case was adjourned until April 14, 2016 for trial. This time is excludable for purposes of CPL 30.30 calculations and is not challenged by defendant in his motion.
*509 On April 14, 2016, the instant motion was filed. Any subsequent time period is not chargeable because the matter is under consideration by the court.
In addition to arguing that 156 days of speedy trial time have elapsed against the People, defendant claims that 294 days are chargeable to the People because they were not actually ready to proceed until February 26, 2015 (see ¶ 24 of defendant’s motion). Defendant relies in large measure on the holding in People v Sibblies (22 NY3d 1174 [2014]), for asserting that the time periods between the dates that the People indicated that they would be ready and the dates when they answered not ready should be charged to the People (see defendant’s motion ¶¶ 24, 26-33). Defendant errs in his reliance on the holding in People v Sibblies (22 NY3d at 1177), which is inapposite and specifically addresses the off-calendar filing of a certificate of readiness by the People. Additionally, the People’s unreadiness on consecutive court appearances, standing alone, does not provide a basis for questioning prior claims of readiness (see People v Zale, 137 AD3d 634 [1st Dept 2016] [trial court properly denied defendant’s speedy trial motion where case did not involve an off-calendar certificate of readiness undermined by the People’s subsequent request for an adjournment]; People v Brown, 126 AD3d 516, 517-519 [1st Dept 2015] [post-readiness declaration by the People that they are not ready does not by itself render the prior statement of readiness illusory]; People v Boumoussa, 104 AD3d 863 [2d Dept 2013]; People v Lynch, 103 AD3d 919 [2d Dept 2013]; People v Camillo, 279 AD2d 326 [1st Dept 2001]).
Defendant conclusorily argues that Sibblies applies even though the instant case does not involve the filing of off-calendar statement(s) of readiness because the People “cast serious doubt” on their readiness to proceed prior to February 26, 2015 (see defendant’s motion ¶ 30). Equally unpersuasive is defendant’s reliance on People v Rodriguez (135 AD3d 587 [1st Dept 2016]), which is similarly inapposite to the facts presented. Unlike the facts presented in Sibblies and Rodriguez, there is nothing in the record to indicate that the People’s statement of readiness was illusory. The People never filed an off-calendar certificate of readiness to stop the time chargeable to them. The People therefore should only be charged for the time requested by them (see Sibblies, 22 NY3d at 1180-1181 [“there is a presumption that a statement of readiness is truthful and accurate”]).
*510 The People are charged with post-readiness delays only when the delay is solely and exclusively the fault of the prosecution, and the time cannot otherwise be excluded under section 30.30 (4) (see also People v Cortes, 80 NY2d 201, 210 [1992]; People v Anderson, 66 NY2d 529 [1985]). Only the amount of time that the People request on the record is chargeable to them (see e.g. People v Bruno, 300 AD2d 93, 95 [1st Dept 2002]; People v Bailey, 221 AD2d 296 [1st Dept 1995]; People v Urraea, 214 AD2d 378 [1st Dept 1995]). Taken to its logical conclusion, defendant’s argument would undermine all existing case law on speedy trial analysis. When the People are not ready and ask for a later date and defense counsel requests and receives a subsequent date, the People’s original request is not per se negated because they are not ready to proceed on a later date. There are a myriad of circumstances why their original projection into the future falls short — AD As being on trial on another matter, ADAs taking other jobs, witness availability in a constant state of fluctuation — just to name a few possibilities. Consecutive not ready situations do not render the date initially requested by the People suspect. Nor should it require ongoing factual hearings in every case, something that is impractical and ignores the reality of calendar practice in very busy calendar parts with voluminous calendars. This in no way means that a failure by the People to be ready for a reason that exists consistently throughout the calendar process should shield the People from being charged with speedy trial time because they did not realistically ask for dates consistent with the problem that prevents them from going forward.
In a nutshell, the People are charged with the time they ask for, and a hearing or factual inquiry is not needed on a per se basis as to whether the time they requested was made in good faith solely because they are not ready on a subsequent date, absent some indication or hint that the deficiency in proceeding has been consistent and ongoing.
In summary, upon review of the court file and submissions of the parties, the court finds that the People are not chargeable with more than six months of chargeable time. CPL 30.30 (1) (a) requires that the People be ready for trial within six months from the commencement of the criminal action. Here, a calculation results in a total of 121 days chargeable to the People.
In view of the foregoing, the defendant’s motion to dismiss the indictment pursuant to CPL 30.30 (1) (a) is denied.