OPINION OF THE COURT
Melissa A. Crane, J.
*770 This case involves the thorny issue of the circumstances by which a court should charge the People with speedy trial time under People v Sibblies (22 NY3d 1174 [2014]), and two Appellate Division, First Department cases that follow Sibblies: People v Rodriguez (135 AD3d 587 [1st Dept 2016]) and People v Brown (126 AD3d 516 [1st Dept 2015], lv granted 25 NY3d 1160 [2015]). On September 1, 2015, the court arraigned defendant. The People charged defendant with one count of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), an unclassified misdemeanor, and one count of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction. Accordingly, the People have 90 chargeable days to bring this case to trial.
On April 6, 2016, defendant filed a motion to dismiss claiming that the People had exceeded their statutory time limits under Criminal Procedure Law § 30.30. Defendant argues that, when the People file an off-calendar certificate of readiness (COR), and then, at the next court date, answer “not ready” without providing an explanation, the court should charge the entire period to the People (defendant’s motion ¶¶ 10, 11). The People oppose the motion. For the reasons that follow, the court finds 88 chargeable days. Consequently, the court denies defendant’s motion.
Legal Background
The People must be ready for trial within 90 days of the commencement of the criminal action when defendant is accused of a misdemeanor carrying a sentence of up to one year’s incarceration (CPL 30.30 [1] [b]). Although a criminal action commences with the filing of an accusatory instrument, computation for speedy trial purposes commences on the next day (People v Stiles, 70 NY2d 765 [1987]). To determine whether the People satisfied their obligation to be ready under CPL 30.30, the court must calculate the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtract any statutorily excludable periods of delay, and finally, add any periods of postreadiness delay attributable to the People where no statutory exclusions apply (People v Cortes, 80 NY2d 201, 208 [1992]).
The People may declare readiness in two ways: (1) in open court; or (2) by serving and filing an off-calendar COR. A COR is presumed truthful and accurate (see People v Sibblies, 22 NY3d 1174, 1180-1181 [2014], citing People v Miller, 113 AD3d 885, 887 [3d Dept 2014]; People v Acosta, 249 AD2d 161, 161 *771 [1st Dept 1998]). Without more, the People’s answer of “not ready” will not render the COR illusory. The People only need to be actually ready at the time they filed the COR.
Defendant, then, bears the burden of rebutting the presumption that a COR is truthful and accurate, with proof that the People’s readiness statement did not accurately reflect the People’s position at the time (see People v Sibblies, 22 NY3d 1174, 1181 [2014]; see also People v Newland, 138 AD3d 611, 611 [1st Dept 2016] [“defendant failed to overcome the presumption that the People’s July 6 certificate of readiness was a truthful statement of present readiness”]).

People v Sibblies

In Sibblies, the Court of Appeals issued a plurality opinion. Although the six Judges agreed that the COR at issue was illusory, the Court split evenly (3-3) as to the underlying rationale for that conclusion.
The People in that case had filed an off-calendar COR on February 22, 2007 — 14 days after filing a misdemeanor information (22 NY3d at 1175). After filing this COR, but before the next court appearance, the People requested medical records. Finally, on March 28, the next court date, the People stated they were not ready to proceed, because they were “continuing to investigate and [were] awaiting medical records” (id. at 1175-1176).
Chief Judge Lippman issued one opinion. He would have required the People to demonstrate an exceptional fact or circumstance, that arose after the People’s declaration of readiness, to explain their unreadiness at the next court date (People v Sibblies, 22 NY3d 1174, 1179 [2014]).
Judge Graffeo ruled on narrower grounds. Applying existing speedy trial principles, Judge Graffeo agreed the COR at issue was illusory because “the prosecutor gave no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed without the medical records” (People v Sibblies, 22 NY3d 1174, 1181 [2014]). Further, the record did not indicate that the People intended to change their theory of the case (see People v Sibblies, 22 NY3d at 1181, citing People v Bonilla, 94 AD3d 633 [1st Dept 2012] [“the record does not support an inference that the People made an initial strategic decision to proceed, if necessary, with a minimal prima facie case, but later determined to present additional evidence” (cita *772 tion omitted)]). Thus, Chief Judge Lippman’s approach would require an exceptional circumstance in order to toll speedy trial time, while Judge Graffeo’s would not.
First Department Cases after Sibblies
The Appellate Division, First Department has adopted Judge Graffeo’s narrower holding in two speedy trial decisions: (1) People v Rodriguez (135 AD3d 587, 588-589 [1st Dept 2016] [“(h)owever, even though Judge Graffeo’s concurrence required some proof that the readiness statement did not accurately reflect the People’s position, because the People ‘gave no explanation for the change in circumstances between the initial statement of readiness and (the admitted later inability) to proceed’ (22 NY3d at 1181), the (Sibblies) decision is broader and applies to the excuses in this appeal as well” (emphasis added)]); and (2) People v Brown (126 AD3d 516, 517-518 [1st Dept 2015], lv granted 25 NY3d 1160 [2015] [“(f)ollowing analogous precedent pertaining to plurality opinions by the United States Supreme Court, we apply the narrower approach of Judge Graffeo, which leaves intact well-settled law”]).
In Rodriguez, the People admitted that the assigned prosecutor was “on trial” before filing an off-calendar COR, and “on trial” after filing the COR (see People v Rodriguez, 135 AD3d 587, 588 [2016]). Unclear to the Court was whether the People had filed an off-calendar COR, while, at the same time, the ADA was on trial in a different case, thereby rendering the COR illusory (id.). By contrast, in Brown, there was nothing in the record to cast doubt upon the truthfulness and accuracy of the People’s COR (see People v Brown, 126 AD3d 516, 518-519 [2015]). Thus, applying Judge Graffeo’s approach, the facts in Rodriguez presented an illusory COR whereas the facts in Brown did not.
Judge Graffeo’s approach makes sense. The delays associated with bringing a case to trial are serious and well known (see William Glaberson, In Misdemeanor Cases, Long Waits for Elusive Trials, NY Times, Apr. 30, 2013; see also Benjamin Weiser & James C. McKinley Jr., Chronic Bronx Court Delays Deny Defendants Due Process, Suit Says, NY Times, May 10, 2016). Some delays involve the court. Some delays involve the People and some involve defense counsel. Most are beyond any one person’s control.
Sibblies deals with one familiar problem that can delay a case — the People’s repeated filing of off-calendar CORs and subsequent declarations of unreadiness. In any one case, the *773 People may file several CORs declaring readiness and then answer not ready at the next court date. Or, the People may request a specific date in open court, receive that date despite the court’s busy calendar, and then still not be able to answer ready at the next court date. The lack of the People’s readiness is usually because of the tremendous scheduling difficulties associated with obtaining the availability of all witnesses and the assigned prosecutor on the same date.
Even when the People are ready, defense counsel is often unavailable. This is usually because counsel is on trial somewhere else, a natural consequence of maintaining a busy practice.
In addition, illness can strike either side or a witness at any time. Life events, like family deaths or the birth of children can get in the way of a case proceeding to trial.
Also, circumstances arise where the People have no choice but to file a COR. For example, the court may reject the People’s in court explanation for not being ready and charge the time until the People file a COR. Another involves the situation where the People answer not ready because they believe there will be a disposition, but the defendant has second thoughts at the last minute. If the court charges the time, the People must file a COR unless the ADA standing up on the case, who is ordinarily not the ADA who will try the case, happens to know when the People can next be ready and makes a request for that date. However, many times at the calendar call the People do not yet know the details of a witness’s unavailability. All they know is that a witness has failed to show.
In addition, no one can overlook how a congested court calendar, along with the shortage of judges and court staff, contribute to the delay in bringing a case to trial (see Benjamin Weiser & James C. McKinley Jr., Chronic Bronx Court Delays Deny Defendants Due Process, Suit Says, NY Times, May 10, 2016).
Both sides can answer ready and then wait in the courtroom for hours, only to learn that there are no open trial parts. Moreover, when the People answer not ready but request, perhaps merely two weeks, this often results in a six-week adjournment due to court congestion.
Given these realities, to adopt Chief Judge Lippman’s approach would require the People to answer ready repeatedly or *774 risk exceeding CPL 30.30 time. This is not only unfair to the People, but would also cause police officers to be taken off their non-court related duties on multiple occasions, with concomitant adverse effects on the public’s safety and wallet.
Finally, to adopt Chief Judge Lippman’s approach would necessitate a hearing every time the People file an off-calendar COR to determine whether the People were in fact ready. This is not realistic (see People v Bacquie, 52 Misc 3d 505, 510 [Sup Ct, Queens County 2016] [“factual hearings . . . (are) impractical and ignore( ) the reality of calendar practice in very busy calendar parts with voluminous calendars”]; People v Seepersad, 52 Misc 3d 400, 403-404 [Crim Ct, NY County 2016] [hearings would drain judicial resources and prolong criminal cases even more]).
Discussion
Like in Brown, defendant here fails to overcome the presumption that the CORs were not truthful and accurate. Defendant fails to allege that the People were not actually ready at the time they filed off-calendar CORs on February 3, 2016 and on March 14, 2016. Instead, defendant argues that, under Rodriguez, the CORs are illusory because the People provided no explanation why, at the next court date, they answered “not ready” (defendant’s motion ¶¶ 10, 11). Contrary to defendant’s assertions, as explained below, the People provided explanations for not being ready both on the record at the time and in their response papers. Therefore, defendant’s argument is ir-revelant.
Speedy Trial Calculations
September 1, 2015 to October 29, 2015 (Zero Days)
The court arraigned this case on September 1, 2015, and then adjourned the case to October 29, 2015 for response and decision on motions pursuant to CPL 30.30 (4) (a). The court charges zero days. The parties do not dispute that this adjournment period is excludable.
October 29, 2015 to November 20, 2015 (Zero Days)
On October 29, 2015, the court decided the motion and ordered Huntley/Dunaway and Johnson hearings. The court then adjourned the case to November 20, 2015 for hearings and trial. The court excludes this adjournment because the People are permitted “a reasonable time to prepare for trial after the rendering of decisions on motions” under CPL 30.30 (4) (a) (see also People v Cain, 291 AD2d 326, 327 [1st Dept *775 2002]), and also excludes this period as a time when motions were under consideration by the court (People v Taylor, 16 Misc 3d 339 [Crim Ct, NY County 2007]). Again, the parties do not dispute that this adjournment period is excludable.
November 20, 2015 to January 6, 2016 (47 Days)
On November 20, 2015, the People answered “not ready” due to the unavailability of a witness. The People did not request a specific adjournment date. Nor did they file an off-calendar COR. The court therefore charges the entire adjournment period, 47 days. The People do not contest that the court should charge this entire adjournment.
January 6, 2016 to February 10, 2016 (28 Days)
On January 6, 2016, the People again answered “not ready,” because it was the arresting officer’s regular day off. The court adjourned the case to February 10, 2016. The People filed and served an off-calendar COR on February 3, 2016.
On February 10, 2016, the People again answered “not ready,” because the arresting officer was on assignment and unavailable (see People’s response ¶ 5 [iv]). Defendant argues that the law requires that the court charge this entire period. However, under Judge Graffeo’s approach, the People need not point to an exceptional circumstance. All they need to do is provide an explanation which they did — on the record and in their response papers. Here, defendant fails to allege that the People were not actually ready at the time they filed the February 3, 2016 COR. Nor does the record give the court reason to question the People’s readiness statement. Therefore the court holds that this COR tolls the speedy trial clock for the remainder of the adjournment period (People v Stirrup, 91 NY2d 434, 440 [1998]). Thus, the court charges 28 days.
February 10, 2016 to March 9, 2016 (Eight Days)
On February 10, 2016, the People were not ready for hearings and trial. The People requested February 18, 2016 as a date they could be ready. The court adjourned the case to March 9, 2016 for hearings and trial. Both sides agree that there are eight chargeable days during this period. Accordingly, the court charges eight days.
March 9, 2016 to April 6, 2016 (Five Days)
On March 9, 2016, the People again answered “not ready” because the assigned prosecutor was unavailable in the afternoon. The court adjourned the case to April 6, 2016. The People filed and served an off-calendar COR on March 14, 2016. *776 On April 6, 2016, the People answered “not ready” due to the unavailability of the arresting officer.
The March 14, 2016 COR tolls the speedy trial clock for the remainder of the adjournment period (People v Stirrup, 91 NY2d 434, 440 [1998]). Defendant fails to allege that the People were not actually ready at the time they filed the COR. Nor does anything in the record give the court a reason to question the People’s statement of readiness. Thus, the court charges five days.
April 6, 2016 to May 16, 2016 (Zero Days)
On April 6, 2016, defendant filed this speedy trial motion. The subsequent adjournments were for motion practice. The court excludes this time. Thus, the court charges zero days.
Accordingly, it is ordered that the court denies defendant’s motion to dismiss Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor, and Vehicle and Traffic Law § 1192 (1), a traffic infraction, pursuant to CPL 30.30.